By the Court:

Jones, J.
In the case of Randall v. Parker (3 Sandford), the sale was made by the son to the father; the son delivered possession by handing to him the keys of the premises; the father then went behind the bar, handed back the key to the son, and appointed him his agent to carry on the business. The son then took down the sign bearing the name of Theodore Randall, and put up another bearing the name of Randall only, and continued to carry on the business in the same manner as before.
The Court held that this evidence showed no such actual change as is contemplated by the statute; that the actual change meant by the statute is an open, visible, public change, manifested by such outward signs as render it evident that the possession of the owner, as such, has wholly ceased; that in the case at bar, the change was constructive and secret, not actual and apparent; that the goods'remained in the same house, in the same *393 position, applied to the same uses, and, so far as the public had any means of judging, in the possession and under the control of the same person as owner; that the substitution of the sign bearing only the surname of “ Randall,” if intended not to deceive, but inform the public, was a pretence and mockery, and the delivery of the key, although symbolically a delivery of the goods, as between the parties, in respect to creditors, was an idle and unmeaning ceremony; and, therefore, held that the Judge, following the words and spirit of the statute, should have instructed the jury that they were bound to presume that the alleged sale, so far as it affected the rights of creditors, was fraudulent and void.
The evidence in this case at bar, as to an actual change of possession, is no stronger than that in the case of Randall v. Parker. There is no conflicting evidence concerning the facts bearing on this point. They are all conceded. It thus becomes a question of law whether they constitute an actual change or not.
The case of Randall v. Parker, therefore, governs this.
There being, then, no evidence of an actual change of posses sion, the jury should have been charged, as requested, that there was no such change, and should have been further charged, as requested, that the effect of no such change was to throw on the plaintiff the burden of proving that the sale in question was in good faith, and without intent to defraud creditors, and that, if the plaintiff failed so to prove, then the verdict should be for ,the defendant.
It remains to be seen whether the change as given - substantially covers the requests.
' Where there has been no actual change of possession under a sale, the statute throws on the vendee the burden of proving affirmatively good faith, and want of an intent to defraud (2 R. S., part 2, chap. 7, art. 2, sec. 5).
This, in eases like the present, changes the burden of proof as to these matters (there being no actual change of possession shown), from the defendants to the plaintiff. Instead of the defendants being required to prove affirmatively a fraudulent *394 intent, the plaintiff is recpiired to prove the absence of fraud, and also to prove good faith in the transaction.
I think the charge of the learned Judge did not put'this base to the jury in this light. He charged them, “ This sale would be void if you shall find that it was made with intent to defraud creditors of Peter.” Again, “ There is some evidence, I believe, that Peter was, at the time the transfer of the property is claimed to have been made, in possession, and that he remained in possession two or three days afterwards. The testimony on that subject is proper for you to consider on the question of fraudulent intent on Ms part.”
The evident bearing of these portions of the charge is to put the case to the jury as if the burden of proof was on the defendant to prove a fraudulent intent, and to give to the evidence of no change of actual possession no other force that any other evidence bearing on a fraudulent intent would have.
These portions of the charge are not controlled or modified by any other expressions contained therein.
The charge, then, instead of covering the requests, is antagonistic thereto.
It may be said that the question as to whether there was an actual change was one for the jury to determine, and that consequently, as the requests called on the Judge to determine it, they were properly refused. H the plaintiff gives evidence tending to prove sufficient facts to constitute an actual change, and the defence introduces evidence contradictory thereof, then it becomes a question of fact for the jury to decide, under proper instructions from the Court upon the conflicting evidence, whether there has been such actual change or not. But when the facts are uncontroverted, then the question whether their effect is to constitute an actual change becomes a question of law for the Court (Randall v. Parker, supra), the same as, under similar circumstances, the question whether the effect of the facts is to constitute negligence becomes a question of law (Gonzales v H. R. R. R. Co., Court of Appeals).
The judgment shoiild be reversed for the error in refusing to charge as requested.