There was not a continued change of possession of the thing sold. It was found after the sale, with no intermediate change of title, in the possession of the vendor, by the act of the vendee.
It is true, the sale was accompanied by immediate delivery to the vendee, and an actual change of possession; and much time then passed before the chattel came again into the possession of the vendor. This matters not; save as a circumstance to be considered by the jury, on the issue of good *Page 276 
faith and absence of intent to defraud. The change of possession into the vendee did not continue. With no other title in the mean time claimed to it, than that of the vendee, it had come, with his knowledge and assent, into the open and notorious control and possession of the vendor. The law will not measure the lapse of time, from the sale and delivery, to this renewed possession by the vendor directly from his vendee, and say, that a change of possession continued for this longer period, will satisfy the statute; but for that shorter period will not. The statute is imperative, that the sale must be followed by a continued change of possession, or it shall be presumed to be fraudulent. It is then, upon the vendee to make it appear, that the transaction was in good faith, and with no intent to defraud.
This is a question for the jury. And whatever other rules of law there may be, in our judgment it should in this case have been submitted to them. Here was a presumption in favor of the defendants, growing out of the possession found in the vendor. Against this, was the testimony of the vendee alone. His credibility in such position, was in issue. We do not think, that when there is on one side, the presumption against the legality of the transaction which the statute makes; and on the other, the vendee seeking by his own oral testimony alone to repel that presumption; that the matter may be taken from the jury, and passed upon by the court as a question of law.
For this reason the judgment must be reversed, and a new trial ordered.
It was, of course, competent for the defendants to show the chattel in the possession of the vendor, prior to and at the time of, the taking of it by them. Whether the declarations of the vendor, while it was thus in his possession, were competent, is another question. They were hearsay, and on general principles inadmissible. Nor do they come within the variations from, nor the exceptions to, the rule which excludes hearsay evidence. They were not the declarations of an assignor of chattels, who without a break, continues *Page 277 
his possession thereof after he has made a real or pretended sale. Such was the case in Adams v. Davidson (10 N.Y., 309). Such declarations were received as part of the res gestæ, on the ground that they show the nature, object, or motives of the act which they accompany and which are the subject of inquiry. But to be a part of the res gestæ they must be made at the time of the act done, which they are supposed to characterize; they must be calculated to unfold the nature and quality of the facts which they are intended to explain; they must so harmonize with those facts as to form one transaction. (See Enos v. Tuttle,3 Conn., 250.) There must be a transaction of which they are considered a part; they must be concomitant with the principal act, and so connected with it as to be regarded as the result and consequence of co-existing motives. Now, in the case in hand, the act done, which is primarily to be characterized, is the sale. That was too remote from the date of the declarations offered, for them to be a part of it. And this, though length of time is not alone in question in such case. They did not so accompany that act as that they may legitimately be called in to show its nature, object or motives. There had been the fact of a transfer and delivery of the chattel, either in good faith or with fraudulent intent. Declarations of the vendor, after transfer and delivery, may not be given in evidence against the vendee. (Cuyler v. McCartney, 40 N.Y., 221.) Should it be said that the renewed possession by the vendor is a part of the act of sale, part of one transaction, it must be borne in mind that there was a considerable lapse of time, during which there was ostensible compliance with the statute; and that it is the subsequent doing, and of another act, i.e., the having of possession again by the vendor, which raises the presumption against the validity of the sale; and that it is this latter act, separated from the act of sale, which is accompanied by these declarations and which is sought to be characterized by them; so that they are not a part of the res gestæ of the act, the bonafides of which is in issue. *Page 278 
Nor may they be introduced against the vendee to characterize the possession which was had of the chattel when they were made. For they were not offered to affect a title, claimed to have originated at the time of, nor subsequent to, the utterance of them, and which was then, or since then, derived from him who uttered them. The plaintiff claimed a title, prior in origin, to the date of these declarations. It would be contrary to principle to permit a title to chattels or choses in action, to be affected by the declarations of any third party, made after its inception. (Phœnix v. Dey, 5 J.R., 412; Sweetland v. Webber, 1 Ad. 
Ell., 733.)
Again, when the issue is whether a person did lay claim to a title to chattels, his declarations will be received to show the bare fact that he made that claim. The issue here is, not of the fact whether Craig did lay claim to this chattel as his own, but whether he was still the owner in conclusion of law and fact, as far as his creditors were concerned — not whether he made the utterance, but whether the fact was true expressed thereby. The declarations of Craig, though made when in actual possession — that possession being after a change had been made from vendor to vendee, not made against his own interest, not in the presence of the plaintiff — are not competent upon that issue.
Nor are the declarations admissible as those of a co-conspirator with the plaintiff. A conspiracy is still unproven. Nor is he a partner, nor an agent, so that these declarations may be proven. And in no other way are they competent in this case to affect the plaintiff alone.
But for the reason above the judgment should be reversed and new trial granted.
All concur; GROVER, J., concurs in result upon first ground; not passing upon the last question.
Judgment reversed. *Page 279