By the Court.—Sanford, J.
Defendants’ exception to the ruling of the court, in refusing to dismiss the complaint at theo close of the testimony on the part of the plaintiff, was not well taken. If an immediate delivery of the assigned property, and an actual change of its possession can be inferred from the facts that, upon the execution and delivery of the assignment, the keys passed into the possession of the assignee, and the store was closed for about a week thereafter, it nevertheless appears that the assignor, except during that period, continued to carry on the business, after the assignment, making purchases and sales, as before, without other outward and visible indications of a change of ownership, than the mere addition of the letters “ Agt.” to his name, upon one of the signs in front of the building.
This evidence was sufficient, under numerous decisions of this court, to justify a finding that the alleged transfer was not accompanied by an immediate delivery and followed by an actual and continued change of possession, and was, by virtue of the statute (2 R. S. 136), therefore, presumptively fraudulent against the creditors of the assignor (Randall v. Parker, 3 Sandf. 69 ; Topping v. Lynch, 2 Robt. 484; McCarthy v. McQuade, 1 Sweeny, 387). The change of possession, required by the statute, must be not only actual, but continued, or it will be presumed fraudulent. In Tilson v. Terwilliger, 56 N. Y. 273, immediate delivery was made and actual possession ‘ was retained by the plaintiff, for about a year after his alleged purchase, but the property was then returned by Mm to the possession of his vendor, to be kept for him, as he testified ; but the court held that, notwithstanding such immediate delivery and actual change of possession, and although much time elapsed before the chattel came again to the hands of the vendor, the change of possession was not continued, according to *149 the statutory requirement, and the sale was, therefore, presumptively void, as against a creditor of the vendor.
Under these authorities, we think the defendant’s motion for a dismissal of the complaint was properly denied.
The evidence for the defense not only confirmed and corroborated that advanced on behalf of the plaintiff, with respect to the brief continuance of any change of possession, but tended'strongly to show that such change, if any, actual or constructive, was merely colorable, and not made in good faith. Of course, if the ruling above considered was correct, the burthen of proof was upon the defendants to make it appear that the assignment was made in good faith and without intent to defraud (2 R. S. 136). The evidence offered by the defense failed to satisfy the court in this regard, and the result was a finding of fact adverse to the honafides of the transaction.
We have carefully examined the evidence bearing upon this question, and deem it insufficient to outweigh the legal presumption of fraud, which the statute renders imperative. Without attempting to analyze it minutely, it may be said that it tends to induce the belief, that the assignment in question was but part of a collusive scheme to coerce a compromise between an insolvent debtor and certain of his creditors whose assent to a composition could not readily be procured ; that it was not made for the purpose of realizing upon the assets, and converting them into money for distribution among creditors generally, but that it was intended to cover and screen the debtor’s continued possession of the assigned estate, during the period requisite for the successful negotiation and consummation of the compromise proposed.
On the whole case, we think the material findings of fact are sustained by the evidence, and that the *150 conclusions of law, upon which the judgment was rendered, were properly deduced therefrom.
The judgment must, therefore, be affirmed, with costs of the appeal.
Sedgwick, J., concurred.