HOUSE *v.* LOCKWOOD *et ux.*

*(Supreme Court, General Term, First Department.    February 18, 1892.)*

**1.** JUDGMENT—RES JUDICATA—CONSENT TO SECOND TRIAL.

Defendants, husband and wife, executed a deed to plaintiff absolute on its face, but which he treated as a mortgage, and brought an action to foreclose.    The defense was that the deed was executed to plaintiff merely to enable him to transfer title to defendant wife.    The issues were submitted to a jury, who found for defendants.    *Held,* that plaintiff, having consented to such submission, could not afterwards object that in a prior action by the wife against him the same question was determined in his favor, and was therefore *res judicata.*

**2.** EVIDENCE MADE COMPETENT BY THAT OF ADVERSE PARTY.

Where a party in an action testified with respect to conversations of a person claiming to be his attorney, he cannot object to the subsequent introduction of those conversations in evidence by the opposite party.

Appeal from special term, New York county.

Action by William M. House against John L. Lockwood and Juliet R. Lockwood, his wife. From a judgment dismissing the complaint on the merits and granting affirmative relief to defendants, and also from an order denying a motion for a new trial on the minutes, plaintiff appeals. For former report, see 1 N. Y. Supp. 540. Affirmed.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*Nicholas Quackenbos, (Edward C. James,* of counsel,) for appellant. *Theall & Beam, (Austen G. Fox,* of counsel,) for respondents.

LAWRENCE, J. This is an action of strict foreclosure. A deed absolute on its face is alleged to be a mortgage upon land situated in the counties of Cook and Lasalle, in the state of Illinois, given to secure the payment to the plaintiff of the amount mentioned in the complaint. It was further alleged in the complaint that in a former action in the superior court of the city of New York, in which Juliet R. Lockwood was plaintiff and William M. House defendant, it was adjudged and decreed that the property in question had been conveyed by the defendants to House as security for moneys owing to House and the firm of which he was a member, and the money to be thereafter advanced by him or his firm to the defendants. The defendants, who are husband and wife, answered separately, each of them admitting the execution and delivery of the deed, but denying that the premises in question were conveyed by the defendants to the plaintiff to secure the sums mentioned in the complaint, or any part thereof. The defendants also allege that the deed mentioned in the complaint was executed and delivered to the plaintiff by the defendants for the purpose of transferring the legal title to said premises to the plaintiff from the said John L. Lockwood, in whose name the said title stood, under an agreement between the said defendants and the plaintiff that the plaintiff would thereupon immediately execute and deliver to the defendant Juliet R. Lockwood an absolute deed of said premises, and each of the defendants avers that subsequently, and on or about the 7th day of December, 1876, plaintiff, in pursuance and in performance of said agreement, executed and delivered to said Juliet R. Lockwood an absolute deed of said premises, and the legal and equitable title to said premises thereupon became joined and vested in said defendant, and that the plaintiff has neither the legal nor equitable title to the same. They further denied the allegation in respect to the former decree in the superior court. The defendant John L. Lockwood also avers that certain bankruptcy proceedings were instituted in the district court of the United States for the district of New Jersey on behalf of the firm of S. A. House & Sons, of which the plaintiff was a member; that the indebtedness to the said firm from the said John L. Lockwood was alleged to be an indebtedness provable in bankruptcy against his estate, and to be the ground of their petition; that subsequently, on the 10th of January, 1877, the said John L. Lockwood was duly adjudged to be a bankrupt, and that the plaintiff, in the name of said firm, proved in bankruptcy a portion of said indebtedness, and on said proof of debt testified that neither the firm of S. A. House & Sons nor the plaintiff had any security for the same, or any part thereof; and that on the 23d day of December, 1878, the court granted the said John L. Lockwood a discharge from all his debts provable against his estate. The question as to the jurisdiction of the court was settled by a former decision of the general term of this department, reported in 40 Hun, 532. The cause came on for trial at the special term, and after the taking of testimony and the submission thereof to the learned justice holding the term it was subsequently, by the consent of the parties, ordered that the question of fact arising in this action be submitted to a jury as follows, in accordance with section 823 of the Code of Civil Procedure: "*First.* Was the deed conveying certain premises in the state of Illinois,

dated October 7, 1876, and executed by the defendants, John L. Lockwood and Juliet R. Lockwood, his wife, to the plaintiff, William M. House [being the deed described in the complaint] delivered to said House by said Lockwoods, or either of them, as security for the indebtedness, past, present, or thereafter to arise, of said John L. Lockwood to said House or to the firm of S. A. House & Sons? *Second.* Was said deed delivered to said William M. House by the said Lockwoods, or either of them, in order that the said House might and should reconvey the premises therein described to said defendant Juliet R. Lockwood?" Upon the trial of the issues at circuit, before the same justice, the two questions specified in the order above referred to were, after the hearing of testimony, submitted to the jury for their answer, and to the first question the jury answered, "No," and to the second question, "Yes." Upon the subsequent hearing at the special term, before the same justice, on the verdict of the jury, and on all the evidence taken in the case, a judgment was rendered dismissing the complaint, upon the merits, with costs, and adjudging and decreeing that the plaintiff forthwith execute and deliver to the defendant Juliet R. Lockwood a deed of conveyance of the property in question. Upon the argument of this appeal substantially but two questions were argued by the appellant's counsel. It was claimed that in the former action, in the superior court of the city of New York, in which Juliet R. Lockwood was plaintiff and William M. House defendant, it was adjudged and decreed that the property involved in this controversy had been conveyed to the plaintiff by the defendants herein to be held by him as security for certain moneys owing to him and the firm of S. A. House & Sons, of which he was a member, and also for such other sums of money as should thereafter be advanced by him or his said firm to said defendant, and it was further claimed that errors were committed in the reception of certain evidence upon the trial.

We do not think that the point that the matters involved in this suit are *res judicata* is well taken, for the reason that on the 4th of November, 1887, the plaintiff consented that the two questions embodied in the order of that date should be submitted to the consideration of the jury, and, those questions having been passed upon adversely by the jury, and the verdict having been adopted by the court upon the subsequent trial at the special term, it is too late for the plaintiff to claim that the defendants were prevented from litigating the question as to the object and purpose for which the deed was delivered. The whole trial proceeded, notwithstanding the allegations in the complaint that there had been a previous adjudication in the superior court, that the property in question had been conveyed to William M. House as security, upon the theory that the question was still open, and the trial before the jury having been had, and the case having been submitted to the justice at special term, upon all the evidence, we think that the plaintiff is estopped from taking the position that the defendants could not litigate that question in this action. The learned justice distinctly found that the defendant Juliet R. Lockwood was on the 7th of October, 1876, the sole and only owner of the land mentioned in the complaint, the legal title to which then stood in the name of the defendant John L. Lockwood, and that the plaintiff knew that she was the owner thereof; that upon the 7th day of October, 1876, the defendants executed the deed in question, and that on or about said date the defendant John L. Lockwood delivered the same to the plaintiff; and that said deed was executed by both defendants for the purpose of transferring the legal title to the said premises, through the plaintiff, from the said John L. Lockwood to the defendant Juliet R. Lockwood; and that the same was delivered to the plaintiff upon an agreement between the defendants and the plaintiff that the plaintiff would execute and deliver to the defendant Juliet R. Lockwood a deed conveying to her the legal title to the said land; and that

Juliet never authorized her husband to deliver the deed mentioned in the complaint to the plaintiff to be held by him as security for any debt whatever. These findings, being based upon conflicting and contradictory evidence, should not be in any way disturbed, unless clearly against the weight of evidence, and an examination of the record compels us to say that they are not against such weight of evidence. Besides, the learned justice was not asked in the findings of fact and conclusions of law submitted by the plaintiff to find that the judgment of the superior court had determined the question as to the object for which the deed was delivered, nor that it was *res judicata.*

If we are right in the conclusion that by consenting to the submission of the two questions of fact to the jury, before adverted to, and of the whole case, after their answer, to the justice at special term, upon all the evidence the plaintiffs are estopped from asserting that the matters set up as a defense in this action are *res judicata,* as between the parties, it is unnecessary for us to make any observations upon the action in the superior court. It may, however, be observed that the relief asked for in that action was to recover possession of a deed alleged to have been executed in pursuance of the agreement between the parties by House and his wife to Juliet R. Lockwood, conveying the premises in question. The court of appeals, in affirming the judgment below, said: "It is impossible to turn such an action into one to compel a conveyance, or for the specific performance of an agreement to convey." And it will be found, upon examining the record, that the judgment that was entered was a judgment dismissing the complaint, and amounted to an adjudication against Mrs. Lockwood that she was not entitled to the recovery of the possession of the deed, or to an injunction restraining the defendant from disposing of the same. The exceptions which were taken to the admission of the testimony of Mr. Fay, who was claimed to have been acting as attorney for the plaintiff, at the time of the conversation referred to by him, were not well founded, in our opinion, for the reason that the plaintiff himself had referred to such conversations, and assumed to give their purport and effect. In *Marx* v. *Railway Co.,* (Sup.) 10 N. Y. Supp. 159, where a patient himself testified as to what took place between him and his physician, it was held that the right to insist that the physician or attorney cannot be examined as to such conversation was waived. See, also, *McKinney* v. *Railroad Co.,* 104 N. Y. 352, 10 N. E. Rep. 544. The rule as to attorneys is the same as to physicians. *In re Coleman's Will,* 111 N. Y. 220, 19 N. E. Rep. 71. Even if the letters addressed by the firm of S. A. House & Sons to Mr. Fay were not admissible in evidence, in view of the evidence given by Mr. House in regard to his transactions and communications with Mr. Fay, we are of the opinion that the error, if any was committed, was not material, and is no ground for interfering with the judgment pronounced at the special term.

The evidence as to the previous transactions between the parties, in reference to the transferring and retransferring of lands, we think was properly received as showing the course of business between the parties, and as tending to throw light upon the exact position which the parties bore to each other. Finally, we are of the opinion that as the whole transaction was intended to enable John L. Lockwood to go through bankruptcy, and avoid and escape his other creditors, to which transaction the plaintiff, by his own admission, lent himself, a court of equity will not aid him in enforcing the illegal agreement entered into between him and Lockwood, nor any security which he has obtained in pursuance thereof. The judgment appealed from should therefore be affirmed, with costs.

VAN BRUNT, P. J. It seems to me that fatal error was committed in allowing proof of other transactions between these parties of a nature claimed to be similar to the one at bar. A plea of usury cannot be sustained by proof

that the plaintiff has been accustomed to take usury. Neither can the claim of the defendants in this action be sustained by proof that they have had previously like transactions with the plaintiff. I therefore dissent.

O'Brien, J. If the plaintiff could maintain the action, then, I think, it would be error to allow evidence of prior transactions of a similar nature between the parties. The action, however, is one in equity, and one of the principles of a court of equity requires a suitor to come therein "with clean hands." It is here sought to enforce a mortgage lien which had its inception in violation of law, and it is shown that shortly after receiving the alleged security the plaintiff not only instituted proceedings in bankruptcy against the husband by filing a petition without disclosing his security, but verified a proof of loss in which he stated that he had received no security, and thereafter voted as an unsecured creditor for an assignee, which a secured creditor could not lawfully do. I do not think that a court of equity should aid plaintiff, and, as the court below dismissed his complaint, I do not think the judgment should be disturbed. I therefore concur in the result reached by Mr. Justice Lawrence.