(3 Misc. Rep. 453.)

### BUTLER v. MANHATTAN RY. CO.

(Superior Court of New York City, General Term. May 1, 1893.)

PRIVILEGED COMMUNICATION—PHYSICIAN AND PATIENT.

   In an action for personal injuries producing a miscarriage, plaintiff, by bringing suit, and putting her physical condition on trial, does not waive the privilege of Code Civil Proc. § 834, so as to render admissible the testimony of physicians who attended her some months before the accident, but not afterwards. Treanor v. Railway Co., (Com. Pl. N. Y.) 16 N. Y. Supp. 536, and Marx v. Railway Co., 10 N. Y. Supp. 159, 56 Hun, 575, distinguished.

Appeal from jury term.

Action for personal injuries by Clara J. Butler against the Manhattan Railway Company. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

Davies & Rapallo, for appellant.

Gilbert D. Lamb, for respondent.

McADAM, J. The action is to recover damages for personal injuries to the plaintiff. On October 9, 1889, the plaintiff, a married woman, purchased a ticket for herself and son for transit on defendant's road. As she was going upon the rear platform of the car, to enter the same, an iron gate was forcibly swung to by defendant's brakeman, striking her a severe blow on the right side, which was immediately followed by bearing-down pains, and ultimately

by a miscarriage. The evidence clearly established the defendant's liability for the wrong, and the jury awarded the plaintiff a verdict for $5,000, which, in view of the consequences of the injuries, is not, in our judgment, excessive. The exceptions taken during the trial have been strenuously urged as reasons why the judgment entered on the verdict should be set aside; and chief among these is the exception taken to the ruling of the court excluding the evidence of Drs. Bird and Burridge, who professionally attended the plaintiff some months prior to the accident, and knew of her physical condition before she met the injury of which she now complains. The evidence was offered by the defendant, and excluded, under the objection of the plaintiff that the questions propounded called for the disclosure of information acquired by the witnesses while attending the patient in a professional capacity, and were consequently contrary to the provisions of section 834 of the Code.

The defendant claims that by bringing the action, and putting her physical condition on trial, she waived the privilege of the statute, and the testimony thereby became admissible. A number of authorities have been cited in support of this view, but a careful examination of the cases demonstrates their inapplicability. In Treanor v. Railway Co., (Com. Pl. N. Y.) 16 N. Y. Supp. 536, the action was for an injury to the plaintiff's head. The plaintiff testified to the nature and extent of the damage. The defendant thereafter called the physician who attended the plaintiff for the injury complained of, and, when interrogated as to the condition in which he found the plaintiff's head, the evidence was excluded, as privileged, and for such exclusion the judgment was reversed. The testimony excluded might have contradicted the plaintiff as to the very injury about which she had testified in her direct examination, was material and relevant to the issue, and on that ground admissible. So, in Marx v. Railway Co., 56 Hun, 575, 10 N. Y. Supp. 159, it was held that, if a party testified to a confidential interview with his physician, his adversary may call the physician to contradict the story of the patient. The court, in that case, placed its decision upon the ground that "the evidence offered related to the same interview as to which the plaintiff had testified, and to the occurrence of which he had pretended to give an account," and, "having himself gone into the privileged domain to get evidence upon his own behalf, he cannot prevent the defendant from assailing such evidence by the only testimony available for that purpose." These authorities have no application here, for in those cases the plaintiff by his own act, opened the door for the admission of the testimony offered, and in that manner effectually waived the privilege of the statute. In the present instance the plaintiff had not, on her direct examination, testified to any fact which made the testimony of Drs. Bird or Burridge relevant or material to the issues on trial. They had attended the plaintiff prior to the accident complained of at the trial, and had no knowledge of her physical condition at that time, or subsequently. Upon cross-examination, however, the defendant entered upon a lengthy investigation as to the prior history of the plaintiff, the ailments with which she had been troubled, the names of the

physicians she had consulted, and the troubles for which they prescribed; and upon this cross-examination the defendant bases the entire theory of waiver which it now urges. There was clearly no waiver. The privilege belonged to the patient; could be waived only by her consent, or by some act of hers tantamount thereto. No act of the defendant could effect any such result against the plaintiff's will. The privilege is founded on public policy, and, in all cases where it applies, the seal of the law must forever remain until it is removed by the act or consent of the patient. Cases collated in Westover v. Insurance Co., 99 N. Y., at page 58, 1 N. E. Rep. 104. In Hope v. Railroad Co., 40 Hun, 438, it was held that a patient calling his physician to testify does not thereby waive his right to object to other physicians, who may have treated him, testifying upon the same subject. See, also, Record v. Village, 46 Hun, 448; Mellor v. Railway Co., 105 Mo. 455, 16 S. W. Rep. 850.

The ailments for which Drs. Bird and Burridge treated the plaintiff were not of an obvious nature, such as injuries to the leg or skull, but were of an occult character, which could be ascertained and treated only by reason of the highest confidence possible to bestow upon professional men; and it would have been a gross breach of privilege to have allowed them to break the seal of secrecy by testifying to any such matters. In Sloan v. Railroad Co., 45 N. Y. 125, the plaintiff, a female, sued to recover damages for injuries received, and recovered a verdict for $12,000. The defendant at the trial asked Dr. Rice whether the plaintiff had venereal disease while under his care as a physician. The court held that the evidence was properly excluded at the trial, and affirmed the judgment recovered below. In People v. Murphy, 101 N. Y. 126, 4 N. E. Rep. 326, it was held that a physician who attended a female after an abortion had been produced was incompetent, under the statute, to testify, as a medical expert, that the crime had been committed. Indeed, the courts have invariably held to the doctrine that the protection from disclosure of information acquired in the confidential capacity of physician must be enforced unless the patient, either expressly or by some affirmative act of his, waives the benefit of the rule. If the defendant's purpose in calling Drs. Bird and Burridge as witnesses was not to contradict the facts brought out by it on cross-examination of the plaintiff, then the materiality of the proposed evidence was not obvious, and the defendant ought to have indicated to the court, in some form, why their testimony should be admitted. Trustees, etc., v. Brooklyn Fire Ins. Co., 23 How. Pr., at page 450.

The exceptions taken to the hypothetical questions put to the medical experts whose testimony was received are without merit. The form of the questions are similar to those sustained in Filer v. Railroad Co., 49 N. Y. 42, and Brown v. Railroad Co., 32 N. Y. 598. See, also, Keane v. Village of Waterford, 130 N. Y. 188, 29 N. E. Rep. 130. The evidence showed that the results anticipated by the experts were reasonably sure to follow from the injury complained of, and this is all the law requires to make the testimony competent. Strohm v. Railroad Co., 96 N. Y., at page 306; Turner v. City of New-

burgh, 109 N. Y. 301, 16 N. E. Rep. 344; Griswold v. Railroad Co., 115 N. Y. 61, 21 N. E. Rep. 726. Such questions to experts may be based, either on an acquaintance with the party whose condition is under investigation, upon a medical examination of him which he has made, or upon a hypothetical case submitted to the witness, based on testimony already in the case. See cases collated in Lawson, Exp. Ev. 144. These rules were in no instance violated; and the questions put, and answers received, conform to all legal requirements. The case was carefully tried and submitted to the jury. The exceptions to the charge and the refusals to charge are without merit. It follows that the judgment and order appealed from must be affirmed, with costs. All concur.