Gildbrsleeve, J.
The plaintiff’s wife sustained personal injuries through the alleged negligence of the defendant. This action is brought by the husband for loss of services.. While Mrs. Butler, the plaintiff’s wife, was boarding one of defendant’s trains, she was struck on the side by the gate which the train guard was closing. The evidence fully justified the jury in finding a verdict for the plaintiff. The defendant does not deny that Mrs. Butler was struck by the gate, but the violence of the blow and its alleged effects are earnestly contested. The questions of fact thus raised were properly submitted to the jury, who found for the plaintiff, and assessed the damages at the sum of $2,250. The jury were warranted in giving credit to the testimony offered by the plaintiff, and evidently did credit it. Therefore, the damages awarded cannot be said to be excessive.
Under well settled rules of law, it is manifest that the appeal must fail, unless at least one of the assignments of error in the admission or exclusion of evidence by the learned trial judge, or in his instructions to the jury, calls for a reversal.
The first alleged error to which the learned counsel for the appellant invites our attention arose upon the plaintiff’s wife being allowed to state what' the brakeman said, at the moment of the accident, as follows: “ Q. What did the brakeman say upon your exclamation at the moment of the blow? Defendant’s counsel objected to the question as incompetent, improper and hearsay,, and immaterial. The court admitted the question, and counsel for defendant duly excepted.” By the court: “After you said 6 Oh! ’ what did'the brakeman say ? Same objection, ruling and exception were made. A. He said, I can go to hell.”
The character and quality of the acts of the brakeman, at the time the gate struck Mrs. Butler, were at issue. It was upon his acts, at this time, that the plaintiff rested the alleged negligence of the defendant. , Mrs. Butler’s exclamation “Oh!” was an outcry of pain, and the brakeman’s remark ‘‘ Go to Hell ” an immediate-response thereto. It was uttered at the instant Mrs. Butler received the blow, and tended to characterize the act done and explain its quality. ■ It was contemporary with the main fact under consideration, and material and competent as a part of the res gestee, Greenleaf on Evid., vol. 1, § 108. The act of the brakeman in closing the gate and the declaration in question constituted substantially one transaction. The testimony is clearly within the rule as to res gestee declarations laid down by Eolger, J., in Tilsonv. Terwilliger, 56 N. Y., 273. “ To be a part of the res gestee, they must be made at the time of the act done which they are supposed to characterize; they must be" calculated to unfold. the nature and quality of the acts which they are intended to explain ; they must so harmonize with those facts as to form. *666 '-one transaction. There must be a transaction of which they are ■considered apart; they must be concomitant with the principal act, and so connected witli it as to be regarded as the result and consequence of co-existing motives.”
The case of Sherman v. R. R. Co., 106 N. Y., 542; 11 St. Rep., 318, cited by the learned counsel for the appellant, is not in conflict with this rule. In speaking of the testimony objected to in that case, the court states, Peckham, J., writing the opinion, “It was no part of the res gestee, but was calling simply for a narrative of the cause of a past occurrence.”
A careful examination of the'other authorities cited in. appellant’s brief, in our opinion, fails to sustain the appellant’s contention on this point
Under the appellant’s second point, it is urged that “the learned trial judge erred in excluding the testimony of Dr. Bird and Dr. Burrage as to what the plaintiff’s wife told them of her physical history when they treated her at the Women’s Hospital, inasmuch as, by testifying to these facts herself, she waived her privilege of excluding the physicians’ testimony.”
The testimony sought called for communications between patient and physician, and was properly excluded under §§ 834 and 836 of the Code of Civil Procedure, unless the provisions were waived-by the witness. It is claimed that she opened the ■door to the admission of this testimony by undertaking to tell what had transpired between her and .the physicians. 1 This was what took place: under cross-examination the fact was elicited from the witness that she recognized Dr. Bird and Dr. Burrage as physicians who had treated her at the Women’s Hospital. By this cross-examination the defendant did not obtain from the witness a waiver of her privilege, nor open the door to the line of inquiry desired by the defendant. Upon inquiry of plaintiff’s ■counsel, on the direct examination, as to statements made at the Women's Hospital, the witness said: “They gave-me two doses ■of medicine for my nervousness, and I do not know what statement I made after that. He came (this Dr. Burrage) to take statements, and I don’t recollect what I said.” From this it cannot be said that the witness opened the door of. the consultation room to the jury and undertook to give them a statement of what had occurred between herself and the physician.
For these reasons, and for the reasons set forth by the general term of this court in the opinion of Judge McAdam, in the case of Clara J. Butler against the defendant, 52 St. Rep. 498, to recover damages for personal injuries arising from the same acts of negligence as those upon which this action is based, where a similar question was presented and decided, we are of opinion that the testimony under consideration was properly excluded.
Under appellant’s third point, it is claimed that the learned trial judge erred in instructing the jury that they could award the, plaintiff damages for. the inability of his wife to bear children. The evidence establishes the fact of Mrs. Butler’s pregnancy at the time she received the injury, and a miscarriage resulting, *667 therefrom. On the question of damages the learned trial judge said to the jury that the plaintiff has a right to recover * for damages arising from the injury and resulting in depriving the plaintiff of prospective offspring.’’ This instruction was proper, and the evidence warranted an award for damages based upon the loss of prospective offspring. Mo claim was made for damages on account of the inability to bear children except as to the child of which Mrs. Butler was pregnant at the time of the injury.
A careful examination of all the rulings of the learned court ■below, bearing upon this point, satisfies us that no error was committed on this branch of the case prejudicial to the defendant. 'The charge, taken as a whole, correctly presents the issues to the jury, laid before them the proper rule as to damages, and fully protected the rights of the defendant.
We find no error in the admission or exclusion of evidence that •calls for a reversal.
The judgment and order appealed from must be affirmed, with, •costs.
Freedman, J., concurs.