■ Helen Rotkowitz et al., Appellants, v. Atlantic Hotel Corp., Respondent.—

No opinion. Martuscello, Acting P. J., Latham and Brennan, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: In this action to recover damages for personal injuries and loss of consortium, in which plaintiff Helen Rotkowitz was allegedly injured by a swinging door, the jury's verdict was in favor of defendant. Plaintiffs were the hosts of a Bar Mitzvah reception in honor of their son held at defendant's hotel. Testimony was offered by plaintiffs in an attempt to establish the dangerous condition of the door. Defendant

offered evidence in an attempt to establish that plaintiff Mrs. Rotkowitz had not in fact been hit by the door. In these circumstances, it was error to exclude testimony as to the spontaneous declaration of Mrs. Murphy, the waitress who was coming through the door at the time of the accident, to the effect that she was sorry she had struck Mrs. Rotkowitz (*Swensson* v. *New York, Albany Desp. Co.*, 309 N. Y. 497; *Tilson* v. *Terwilliger*, 56 N. Y. 273). It cannot be determined on this record upon what basis the jury found for defendant. Under the circumstances, we should not indulge in speculation as to whether the exclusion of this evidence affected the verdict. Benjamin, J., concurs in the dissenting memorandum of Shapiro, J., and is also of the opinion that the maintenance of a swinging door leading from a dining room into a room of public assembly, which is constructed without a viewing aperture or a guardrail, constitutes negligence as a matter of law.