MARY J. McKINNEY, an infant, etc., Respondent, *v.* THE GRAND STREET, PROSPECT PARK AND FLATBUSH RAILROAD, Appellant.

Where the statutory prohibition (Code of Civ. Pro., § 834) against the disclosure by a physician of information acquired by him while attending a patient in his professional capacity, has been expressly waived by the patient, and the waiver acted upon, it cannot be recalled ; the information is then open to the consideration of the entire public, and the patient is not privileged to forbid its repetition.

Accordingly, *held*, where upon the trial of an action against a railroad corporation, to recover damages for injuries to plaintiff caused by negligence, a physician, who, as such, attended upon the plaintiff after the injury, was called as a witness in her behalf, and testified as to all the facts bearing upon her physical condition, learned by him while so attending upon her, that upon a subsequent trial the defendant was entitled to call and examine him as a witness in regard to such facts.

(Argued January 21, 1887; decided February 8, 1887.)

Appeal from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made February 10, 1885, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for personal injuries alleged to have been caused by defendant's negligence.

A car on defendant's road ran off on a switch track, and collided with another car going in the opposite direction, thus occasioning the injuries complained of.

The facts material to the questions discussed are stated in the opinion.

*Samuel D. Morris* for appellant. The court erred in excluding the testimony of the physicians called on behalf of defendant; they having been examined on the former trial on plaintiff's behalf, she thereby waived any statutory right to object to their disclosing the knowledge they had acquired by examining her. (*Pierson* v. *People*, 79 N. Y. 433 ; *Edington* v. *A. L. Ins. Co.*, 77 id. 569.)

*Anthony Barrett* for respondent. The testimony of the physician who treated and prescribed for plaintiff was properly excluded under section 834 of the Code. (*Dilleber* v. *Home L. Ins. Co.*, 69 N. Y. 256 ; *Cohen* v. *Cont. L. Ins. Co.*, id. 300 ; *Grattan* v. *Met. L. Ins. Co.*, 92 id. 274.) The fact that plaintiff called some of the excluded physicians as witnesses on the first trial does not constitute a waiver of her privilege on this trial. (2 Black. Comm. 389.)

Ruger, Ch. J.   The defendant called as a witness one Chapman, a physician, and proposed to prove by him, the injuries claimed to have been suffered by the plaintiff in consequence of the collision in question, as learned by him upon a personal examination of the plaintiff when visiting her as a patient.

Upon a previous trial of this action this same witness had been called by the plaintiff, and had testified fully in her behalf as to all of the facts bearing upon her physical condition, as affected by the accident on the defendant's railroad, as learned by him in his attendance upon the plaintiff.

The plaintiff, on the present trial, objected to the proposed evidence upon the ground that the information acquired by a physician, while attending a patient, was privileged and could not, therefore, be admitted against the plaintiff without her consent.

This objection was sustained, the evidence excluded and the defendant excepted.

We think this evidence was competent and its exclusion was error.

Such evidence is made incompetent at the option of the patient only, and in case she elects at any time, to remove the seal from the lips of the witness, the evidence may properly be received.

The intent of the statute, in making such information privileged, is to inspire confidence between patient and physician, to enable the latter to prescribe for and advise the former most advantageously, and remove from the patient's mind any fear that she may be exposed to civil or criminal prosecution, or shame and disgrace, by reason of any disclosures thus made.   Therefore, the statute provides that the information acquired by a physician while attending a patient, in his professional capacity, shall not be disclosed unless the patient expressly waives its prohibition.   (§§ 834, 836, Code of Civil Procedure.)

It is claimed by the appellant that the ban of secrecy having once been removed by the patient, and the information

having lawfully been made public, the right to object further thereto has not been conferred.

There seems much reason in this claim.

The patient cannot use this privilege both as a sword and a shield, to waive when it enures to her advantage, and wield when it does not.

After its publication no further injury can be inflicted upon the rights and interests, which the statute was intended to protect, and there is no further reason for its enforcement. The nature of the information is of such a character that when it is once divulged in legal proceedings, it cannot be again hidden or concealed. It is then open to the consideration of the entire public, and the privilege of forbidding its repetition is not conferred by the statute. The consent having been once given and acted upon cannot be recalled, and the patient can never be restored to the condition which the statute, from motives of public policy, has sought to protect.

The stringency with which the rule excluding privileged communications is applied by this court is illustrated in the recent case of *Renihan* v. *Dennin* (103 N. Y. 573), but there is no principle or authority for holding, after a consent to publish such information has been properly given, and the evil, if any, consummated. that the privileged person can again raise the objection.

The object of the statute having been voluntarily defeated by the party for whose benefit it was enacted, there can be no reason for its continued enforcement in such case. The maxim of "*Cessante ratione legis cessat ipsa lex*" is of frequent application, and is a sound rule of interpretation. (Whart. Max. 17, p. 49.) It seems to us that this rule may properly be applied in determining the meaning of the word "waived" as used in the statute, and as supporting the conclusion that when once waived, and made effectual by publication, it is waived for all time. In *Parks* v. *Jackson* (11 Wend. 442) the chancellor applied the maxim to the case of an adverse occupant of lands, and held that he did not come

within the reason of the statute prohibiting the sale of lands held adversely, and was not therefore within its prohibition.

In *Dewitt* v. *Barley* (9 N. Y. 371) the principle embodied in the maxim was applied to modify the rule excluding the opinions of witnesses as evidence, and it may be said that it is applicable to every case where the sole reason for a rule has entirely ceased to exist.

The judgments of the courts below should be reversed and a new trial granted, with costs to abide the event.

All concur, except DANFORTH, J., dissenting.

Judgment reversed.