ESTHER A. RECORD, RESPONDENT, *v.* THE VILLAGE OF SARATOGA SPRINGS, APPELLANT.

*Physicians forbidden to disclose professional information — a patient attended by two physicians may waive her privilege as to one, and refuse to do so as to the other.*

Upon the trial of this action, brought by the plaintiff to recover damages for injuries alleged to have been occasioned by a fall upon one of the sidewalks of the defendant village, Dr. Grant, a witness called by the defendant, testified that he was a regular practicing physician and surgeon, and that he attended the plaintiff in that capacity from October to January. Questions put to the witness by the defendant's counsel tending to show her physical condition during that

period, having been excluded as inadmissible under section 834 of the Code of Civil Procedure, the defendant claimed, upon the hearing of this appeal, that the court erred in so doing, as the physician did not produce his license and was not examined as to his being "a person duly authorized to practice physic or surgery."

*Held,* that, in the absence of any objection upon the trial to the sufficiency of the proof, the plaintiff on this appeal was entitled to the benefit of the presumption that the physician had the license which the law requires to entitle him to practice.

Upon the trial the plaintiff called another physician, Dr. Hall, who had also attended her, to testify as to her condition; the plaintiff herself testified that Dr. Hall and Dr. Grant were in consultation upon one occasion and visited her together. The defendant, upon the cross-examination of Dr. Hall, examined him as to the condition of the plaintiff upon that occasion, and as to what took place

*Held,* that a claim made by the defendant that the plaintiff had, by her own testimony and that of Dr. Hall, expressly waived her privilege of preventing Dr. Grant from testifying, and that the defendant was entitled to examine him as to the condition of the plaintiff, could not be sustained.

The plaintiff testified as to her condition, but did not call any expert physicians to testify as to what her condition would be in the future.

*Held,* that she was not obliged to give expert evidence as to her future condition, and that as the court had substantially told the jury that by failing to give such evidence she had impaired confidence in her right to recover any damages for her future condition, the charge was as favorable to the defendant as it could demand.

APPEAL by the defendant from a judgment in favor of the plaintiff, entered at the Saratoga Circuit upon a verdict for $5,000 against the defendant, for an alleged injury to the plaintiff, occasioned by a fall upon one of the sidewalks of the village of Saratoga Springs, on October 1, 1885, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*Wm. H. McCall* and *A. Pond,* for the appellant.

*Charles M. Davison* and *L. B. Pike,* for the respondent.

LANDON, J.:

Dr. Grant, a witness called by the defendant, testified that he was a regular practicing physician and surgeon, and did attend the plaintiff in that capacity from October to January. The defendant's counsel asked him several questions tending to show her physical condition during that period. To these questions the plaintiff

objected, under section 834, Code of Civil Procedure, that the testimony sought would be a disclosure of the information acquired by the physician while attending in his professional capacity, and which was necessary to enable him to act in that capacity.  The objection was sustained, and the defendant excepted.  Upon the facts thus far stated the ruling was proper.  But it is now urged that the physician did not produce his license, and was not examined as to his being " a person duly authorized to practice physic or surgery."  If the privilege were the physician's, he might, if the objection were taken, be required to prove by the best evidence that he was duly authorized ; but it is the patient's privilege, and, in the absence of any objection upon the trial to the sufficiency of the proof, she is now entitled to the benefit of the presumption that the physician had the license which the law requires to entitle him to practice.  If any objection had been taken upon the trial to the sufficiency of the proof, no doubt it could have then been supplied.  It cannot now be entertained.

But it appears that the plaintiff had another attending physician, Dr. Hall, and she called him to testify, and he did testify, concerning her condition.  She testified herself.  Dr. Hall and Dr. Grant were in consultation upon one occasion and visited the plaintiff together.  The defendant upon the cross-examination of Dr. Hall, examined him as to the condition of the plaintiff upon that occasion, and what took place.

The defendant sought to examine Dr. Grant upon the same topics, but the plaintiff's objection was sustained by the court.  The defendant contends that the plaintiff has, by her own testimony and that of Dr. Hall, expressly waived her privilege to prevent Dr. Grant's disclosure.  She has expressly consented that Dr. Hall might disclose.  She has consented to disclose herself, but she has not consented that Dr. Grant may disclose.  She certainly did not waive her privilege to insist upon Dr. Grant's silence, by any act of the defendant in cross-examining Dr. Hall.  If the defendant's tactics in that respect should prove successful, the defendant would compel the plaintiff to abandon a privilege she refuses to waive.  (*Hope* v. *Troy and L. R. R. Co.*, 40 Hun, 441.)  *In McKinney* v. *Grand Street Railroad Company* (104 N. Y., 352), the patient once waived her privilege, and the court held that the secret once disclosed was a secret no longer.  But here the patient has not consented that Dr. Grant may disclose.  We do not yet know what he would testify to.

The court instructed the jury that in estimating damages they were to judge from the evidence what her condition would be in the future.  She had given no expert evidence as to the probable duration and ultimate effects of her injuries, and the court told the jury they were to consider her case in connection with the fact that she might have given such evidence, but had failed to do so.

The defendant requested the court to charge that as there was no proof as to what plaintiff's future condidition will be, and she might have furnished evidence as to it, no damages could be given for that.

The COURT — "I decline to charge that.  She has testified as to her condition, and I charge you that it bears upon the *bona fides* of her condition if you find she could have given other and more satisfactory evidence than she has as to that."

We do not think the defendant can complain of the instruction of the court.  Upon the evidence the court could not, as the defendant requested, charge that the jury could give no damages on account of her probable future condition.  She had testified respecting her condition, and it was for the jury to say how seriously she was injured, and if, from her testimony, they believed that her injuries were incurable, they could not refuse to act upon that belief. Her evidence was competent, and if it was believed, there is no rule that exacts any better sort.  She was not obliged to call expert physicians as to her future condition, and when the court substantially told the jury that, because she had not called any, she had impaired confidence in her right to recover anything for her future condition, he charged as favorably for the defendant as he ought.

The judgment should be affirmed, with costs.

FISH and PARKER, JJ., concurred.

FISH, J. :

There is reason to fear that the recovery in this case is excessive; that the plaintiff has magnified the injury she received, and which is the subject of her action.  It seems hardly credible that so serious consequences as she describes would follow upon the case proved. According to her testimony, she was in perfect health at the time of the accident.  She tripped upon an imperfect sidewalk and fell to the ground.  No bones were fractured, or any apparent outward bruises that indicated a violent fall; and yet, as she states her case,

the casualty entirely demoralized her inward physical system and has made her an invalid for life. It certainly is possible that all this is true. She almost immediately consulted a lawyer and commenced an action against the village before it could be known how great her injury was. She employed one prominent physician and surgeon, Dr. Grant, in the first instance, who attended her for a few weeks, and (it is alleged) withdrew from further duty in the case because he concluded that she did not longer need the services of a physician. She called another leading physician, who held a consultation with Dr. Grant, and who continued to attend upon her professionally after Grant discontinued. Dr. Hall, it seems, was uncertain as to whether she was not feigning and pretending to greater injury than she actually suffered. He testified that, at one time, he did suspect such was the case. The plaintiff herself was sworn and examined as to the extent of her injuries, as was Dr. Hall, and, on cross-examination, gave some testimony as to the conference and consultation between Dr. Hall and Dr. Grant. She rested her case upon the testimony of Dr. Hall and herself. The defense then offered Dr. Grant as a witness upon the subject and extent of her injuries, and to controvert the state of things proved by plaintiff and Dr. Hall. His evidence was objected to as inadmissible under sections 834 and 836 of the Code of Civil Procedure, and the objection was sustained.

Reasoning from first principles, it would be difficult to give a good reason for the exclusion of Dr. Grant's testimony. It could certainly work no injustice to plaintiff; it might prevent injustice. Assuming, as we may, that Dr. Grant's testimony would tend to show that her injury from the cause in question was not serious, and that the plaintiff was purposely nursing her cause of action instead of herself, it might have affected the verdict on the question of damages. But we are called upon to deal with an act of the legislature which excludes such evidence except at the option of the party calling the physician. The section of the statute forbids the disclosure by the physician of any information which he acquired in attending plaintiff as a patient in a professional capacity, unless the provisions of the statute are expressly waived by the patient.

The statute allows her to use the testimony of her attending physician if she thinks his evidence will benefit her case, and to

object and exclude it in case she thinks it will not benefit her. She may employ several physicians and call to her aid the testimony of any one of them whose views she approves, and exclude that of the other whose testimony might tend to controvert that given by his contemporary. The legislature in enacting the statute in question, intended to protect a patient in his or her confidential relations with her physician or surgeon, so that her private physical condition could not be exposed, because of her disclosing it to him. Possibly the legislature did not contemplate a case where the patient had already disclosed it herself, in an action to recover for an injury to her person, and had produced another physician who had, with her consent, fully entered into a description of her physical and mental condition.

Dr. Grant was the most competent witness on the subject in question, was the first physician who examined the plaintiff's person after the casualty occurred, and who dealt with her case for several weeks after the occurrence. There was no private disease or complaint to deal with, nothing other than such as she had herself fully disclosed, if she told the truth. Dr. Grant's testimony would relate solely to the same subject which both Dr. Hall and herself had described. It is more than possible that the exclusion of his testimony effected substantially the amount of her recovery. Whether or not the giving effect to the statute in question tends to promote the cause of justice, is a question that may not be considered by this court. A statute law is always arbitrary and must be enforced according to its well defined terms without regard to the consequences. Where the language of the statute is clear and free from ambiguity, and does not admit of more than one construction, it must have free scope so long as it is allowed to remain a law. If, in practice, it is found to operate harshly or unjustly, the remedy must be sought from the legislature, and not from the court.

The provisions of section 834 were not in this case expressly waived by the plaintiff, and as a consequence the objection at the circuit was properly sustained. As the case there stood the proof was sufficient, according to the adjudicated authorities, to sustain a verdict in favor of the plaintiff, and the amount of the damages was for the jury to determine upon the evidence as it stood.

The judgment should, therefore, be affirmed.

Judgment affirmed, with costs.