Mary A. Morris, Respondent, *v.* The New York, Ontario and Western Railway Company, Appellant.

Evidence.— Professional Communications — Waiver of Privilege. When a party who has been attended by two physicians in their professional capacity at the same examination or consultation, both holding professional relations to him, calls one of them as a witness in his own behalf in an action in which the party's condition as it appeared at such consultation is the important question, to prove what took place, or what the witness then learned, he thereby waives the privilege conferred by section 834 of the Code of Civil Procedure, and loses his right to object to the testimony of the other physician, if called by the opposite party to testify as to the same transaction.

*Morris* v. *N. Y., O. & W. R. Co.* (73 Hun, 560), reversed.

(Argued December 2, 1895; decided December 19, 1895.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 1, 1893, which affirmed a judgment in favor of the plaintiff entered upon a verdict, and also affirmed an order denying defendant's motion for a new trial.

This action was brought to recover damages for personal injuries alleged to have been caused by the negligence of defendant.

The facts, so far as material, are stated in the opinion.

*William Vanamee* for appellant. After a litigant has fully determined to make a public exposure of all his ailments

and diseases, the original reason of the rule, which rests in a
desire for secrecy and in a modest shrinking from publicity,
wholly fails. (Code Civ. Pro. § 834.) The prohibition of the
Code is as to information "acquired in attending a patient."
The word "attending" has a well-understood, popular and
professional significance. It means treating the patient. It
implies nursing, medicine, relief, cure. (*People* v. *Schuyler*,
106 N. Y. 304; *Edington* v. *A. L. Ins. Co.*, 77 N. Y. 569.)
The exclusion of the testimony offered by Dr. De Kay to
impeach Dr. Payne, showing that he had made statements
inconsistent with the testimony, was erroneous. (*Woodrick* v.
*Woodrick*, 141 N. Y. 462.)

*William F. O'Neill* for respondent. The exclusion of the
testimony of Dr. De Kay, offered by the defendant, was
proper. (Code Civ. Pro. § 834; *Renihan* v. *Dennin*, 103 N.
Y. 573.) The facts show that Dr. De Kay was plaintiff's
attending physician, and hence his testimony was inadmissible.
(*Grattan* v. *M. L. Ins. Co.*, 80 N. Y. 295; *Westover* v. *E. L.
Ins. Co.*, 99 N. Y. 56; *Renihan* v. *Dennin*, 103 N. Y. 573.)

O'BRIEN, J. The responsibility of the defendant for the
personal injuries for which the plaintiff recovered in this case
depended upon questions of fact. The questions with respect
to the defendant's negligence and the plaintiff's negligence
contributing to the injury as well as the nature and character
of the contract under which the plaintiff was in the defend-
ant's cars, as a passenger, were all properly submitted by the
learned trial judge to the jury.

The only questions involved in this appeal arise upon
exceptions taken by the defendant's counsel to the exclusion
of certain evidence, offered by him, bearing upon the extent
and nature of the plaintiff's injuries, and, hence, upon the
question of damages. It appears from the record that about
the time of the commencement of this action, two physicians
attended the plaintiff for the purpose of making an examina-
tion of her case, and ascertaining the extent and nature of the

12

injuries which she received in the accident when in the defendant's cars. The plaintiff, herself, called one of them as a witness in her behalf, at the trial, who gave important testimony with respect to the extent and character of the injury. His testimony tended to show that the plaintiff was affected with some spinal trouble as the result of the accident. This opinion was based mainly upon the result of the personal examination of the plaintiff's person which he had made upon the occasion referred to with his associate physician. It appeared that both attended together, and after removing the plaintiff's clothing, made an examination of her person with special reference to the existence of some disease of the spine as the result of the accident. But the plaintiff did not call the other physician, and before the close of the proofs the defendant called him and propounded to him certain questions, intended to elicit his opinion as to the nature and extent of the plaintiff's injuries from his observation and examination of her person on the occasion referred to. These questions were all objected to as inadmissible under § 834 of the Code. The court sustained the objection and the defendant excepted. These exceptions fairly raise the question as to the defendant's right to the testimony of the witness. The learned counsel for the defendant contends that it should have been admitted, for the reason that the physican did not attend in any professional capacity, but for the purpose of qualifying himself as a witness, and that the examination was not for the purpose of enabling him to prescribe for the plaintiff. It is quite true that before this testimony could properly be excluded it must appear that the relation of patient and physician existed between the plaintiff and the witness, and we think that it appears quite clearly in the record that the witness went to the plaintiff's house, on the occasion when he made the examination, as a consulting physician, and that all the information that he acquired with reference to her condition was in that capacity. Moreover, it appears that the witness had been, until a short time before, the plaintiff's regular physician, and that she consulted him with reference to the injury in ques-

tion. There can be no doubt upon the facts that both physicians attended the plaintiff upon the occasion of the examination as her physicians, in order to prescribe, or at least to diagnose the case, and to give such opinion and advice as the nature of the injury required.

It is also urged that the questions put to the witness and excluded were admissible for the purpose of impeaching the other physician who had been sworn by the plaintiff. Without reference to the answer which the plaintiff's counsel makes to this point, namely, that this method of introducing the testimony would be a plain evasion of the statute, it is quite sufficient to say that the questions were not framed in such a way as to permit an answer for the purpose of impeachment. In order to present such a point the record must show that some specific question was put to Dr. Payne, the physician sworn by the plaintiff, as to some act or admission at the consultation or afterwards by him, contradictory of or inconsistent with his testimony at the trial which was answered in the negative, or at least not admitted, and that the same question was propounded to Dr. De Kay, the physician called by the defendant and the impeaching witness. An examination of the record shows that this rule was not complied with, and the testimony was not, therefore, admissible upon any ground now urged by the defendant. The only ground upon which the exceptions can be sustained is that the plaintiff by requiring one of the physicians as her own witness to disclose the facts and results of the examination and consultation and make public what took place between the plaintiff and her two physicians, has waived the privilege and can no longer impose silence on the other. It is a case where two physicians attended the patient, both holding professional relations to her, and in a suit in which the nature and extent of her injuries (as then appearing) is the important inquiry, she calls one of them and the defendant the other. She has the right, unquestionably, to avail herself of the testimony of the one which she thinks will be the most favorable for her case, but the question is whether she can at the same time deprive the

defendant of the benefit of the testimony of the other. If she elects to waive her privilege as to one and requires him to make the consultation public and to disclose the information, does she not necessarily waive it as to the other? If this is not so the statute would seem to be a serious obstacle in such cases to the attainment of truth and justice. The proposition that a patient who has retained or employed two or more professional men, under such circumstances that none of them are permitted to disclose the information thus obtained, except with his consent, can call one of them as a witness to disclose what took place when all were present, and at the same time enjoin silence on all the rest, appears to be so unfair and unreasonable that it challenges investigation before accepting it as a rule of law. The statute provides that the physician may be called as a witness when the patient expressly waives the privilege. It is held that such waiver may be made on the part of the patient by calling him as a witness. (*In re Coleman,* 111 N. Y. 220; *Rosseau* v. *Bleau,* 131 N. Y. 177; 118 N. Y. 77.)

In this case it was the privilege of the plaintiff to insist that both physicians should remain silent as to all information they obtained at the consultation, but she waived this privilege when she called Dr. Payne as a witness and required him to disclose it. The plaintiff could not sever her privilege and waive it in part and retain it in part. If she waived it at all it then ceased to exist, not partially, but entirely. The testimony of Dr. Payne having been given in her behalf, every reason for excluding that of his associate ceased. The whole question turns upon the legal consequences of the plaintiff's act in calling one of the physicians as a witness. She then completely uncovered and made public what before was private and confidential. It amounted to a consent on her part that all who were present at the interview might speak freely as to what took place. The seal of confidence was removed entirely, not merely broken into two parts and one part removed and the other retained.

I have not been able to find any controlling authority in

this court in support of the idea that the waiver applied only to the witness that the plaintiff called. On the contrary, the principle decided in *McKinney* v. *Grand St., etc., R. R. Co.* (104 N. Y. 352) supports the views herein expressed. That was a case where the plaintiff called and examined her own physician as to her physical condition on the first trial. On a subsequent trial he was called by the defendant and the same objection was made to his testimony that was made in the case at bar. This court held that it was admissible on the ground that the statutory prohibition having once been expressly waived by the patient, and the waiver acted upon, it could not be recalled, but the information was open to the consideration of the entire public, and the patient was no longer privileged to forbid its repetition. The reasoning of Chief Judge Ruger in support of these propositions in that case is applicable here. It furnishes a safe basis for holding that when a waiver is once made it is general and not special, and its effect cannot properly be limited to a particular purpose or a particular person.

After the information has once been made public no further injury can be inflicted upon such rights and interests of the patient as the statute was intended to protect, by its repetition at another time or by another person.

In *Marx* v. *Manhattan R. Co.* (56 Hun, 575) it was held that the plaintiff by testifying to what had taken place between himself and his physician had waived his right to object to the examination of the latter when called as a witness for the defendant.

In *Treanor* v. *Manhattan R. Co.* (28 Abb. [N. C.] 47) it was held that the plaintiff by simply disclosing, as a witness, his physical condition in consequence of the defendant's acts, waived the right to object to his physician's testimony when called by the defendant. I have not been able to find that either of these cases came to this court. The one last cited certainly pushes the principle too far. The other may also be open to some doubt, and both are cited, not as controlling authority, but in order to show the views that very able

jurists have entertained with respect to the construction of the statute.

In *Hope* v. *T. & L. R. R. Co.* (40 Hun, 438).it was held that the plaintiff by waiving her right to object in respect to one physician, whom she had called as a witness in her own behalf, did not thereby waive her objection to the examination of other physicians who had attended her at other times when called by the defendant. This case was affirmed in this court .without an opinion (110 N. Y. 643) by a bare majority. It, however, presented a very different question from the one involved in the case at bar. The question here arises with respect to a single consultation or interview between the plaintiff and the two physicians and not to separate and distinct transactions with as many different physicians. In the latter case there is good reason for holding that the waiver of the privilege applies only to such consultations or transactions as the witness who is required by the patient to make the disclosure has participated in. That rule is broad enough for this case.

The case of *Record* v. *Village of Saratoga Springs* (46 Hun, 448) was undoubtedly quite similar, if not identical in its facts, with the case at bar. The testimony of the associate physician was excluded, and the General Term affirmed the decision. The case was decided by two judges, and it is evident from the opinion of one, at least, that the decision turned upon the broad prohibitory words of the statute and not upon the provision which permits the patient to waive the objection. These words are certainly broad enough to prohibit the testimony of every physician who has obtained information in a professional capacity, but the statute does not attempt to define what shall in any case constitute a waiver. That is left to be determined by the courts with reference to the facts of every case, upon general principles of reason and justice.

While the case last cited subsequently came to the Second Division of this court, it was affirmed without an opinion. (120 N. Y. 646.) In this condition of the authorities we must regard the question as still open. We think that a construc-

tion of the statute which permits a patient who has been attended by two physicians at the same examination or consultation to call one of them as a witness to prove what took place or what he learned, thus making public the whole interview, and still retain the right to object to the other, is unreasonable and unjust, and should not be followed. The waiver is complete as to that consultation when one of them is used as a witness. The considerations and reasons upon which the statute was founded no longer exist when full disclosure is made by either with the consent of the patient, and every party to the transaction thus disclosed is relieved from any injunction of secrecy. The patient cannot limit the scope or effect of the waiver when made any more than she can recall it. When the plaintiff in this case called one of the physicians who disclosed the whole consultation, the law determined the legal effect of that act, irrespective of any mental reservations on her part. Upon every principle of reason and justice this act amounted to a waiver of the right to object to the testimony of the other physician when called by the defendant, as to the same transaction.

For these reasons we think the testimony excluded was admissible, and that the judgment must be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed. _____