### MAHONEY v. JONES.

(Supreme Court, Appellate Division, Third Department. November 29, 1898.)

PERSONAL TRANSACTIONS WITH DECEASED PERSONS—WITNESS—COMPETENCY.

    Under Code Civ. Proc. § 829, excluding a party from testifying against the administrator of a deceased person concerning a personal transaction between them, a defendant, called by a plaintiff administrator to prove a debt of the intestate against him, may, on cross-examination, show that he paid the debt to deceased, and this though the payment was a separate and subsequent transaction, since the administrator, having indorsed his credibility, is estopped to question it by interposing the statute.

    Merwin and Putnam, JJ., dissenting.

Appeal from trial term, Sullivan county.

Action by Mary Mahoney, as administratrix of the estate of Patrick Mahoney, deceased, against William Jones. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

T. F. Bush, for appellant.

John D. Lyons, for respondent.

LANDON, J. The plaintiff, to maintain her action, called the defendant as a witness, and upon her direct examination he testified

that in November, 1895, he purchased of the plaintiff's intestate, and received from him, milk of the value of $66.12. The defendant's counsel then, by various questions upon cross-examination, sought to prove by the witness that upon a day subsequent to such purchase he paid the plaintiff's intestate in full therefor. The plaintiff objected to the several questions under section 829 of the Code, and the objection was sustained, and the witness was not permitted to answer. Upon the case thus presented the court directed a verdict for the plaintiff for $66.12 and interest. We are inclined to think that the objection ought not to have been sustained. It is not a case where the administratrix herself testified to the sale of the milk, and then the defendant, as a witness in his own behalf, sought to testify to the subsequent payment. In such a case it may be said that the defendant could open the door no wider than the plaintiff had done. Martin v. Hillen, 142 N. Y. 144, 36 N. E. 803; Rogers v. Rogers, 153 N. Y. 343, 47 N. E. 452. The sale and payment were on different days, and, we think, different transactions, within the meaning of section 829. But here the plaintiff called the defendant as her witness, and thus indorsed his credibility, and at her instance he was sworn to tell the whole truth, and was compelled by his conscience to testify to that step in the whole transaction, which, standing alone, charged him with the price of the milk; and then she invoked section 829, which is based upon a supposed tendency of a party to falsify, if for his interest to do so, and if he knows he cannot be contradicted, and thus precluded him from testifying to the next stage in the transaction. Thus she suppressed, as we may assume, a material part of the truth when about to be disclosed by a person whose credibility she indorsed. We are cited to no case strictly in point, unless we hold the payment to be part of the same transaction as the sale, and therefore admissible. Nay v. Curley, 113 N. Y. 575, 21 N. E. 698. We are not inclined to so hold. But we think that when the plaintiff called the defendant to testify in her behalf she clothed him with competency to testify generally, like any other witness. It was her privilege to call him as a witness, or to decline doing so, and to silence him by section 829, if he sought to testify to any part of the personal transaction between himself and her intestate. She called him, and thus waived her objection, at least in part. In Morris v. Railway Co., 148 N. Y. 88, 42 N. E. 410, it was held that, where a party had been attended by two physicians at the same time, in their professional capacity, and he called one of them to testify to his condition as that one then observed it, the party waived his privilege to object to the testimony of the other upon the same matter. The letter of the statute and many decisions seemed to point to a different result, but the court adopted the construction which justice requires. The spirit of that decision seems to be broad enough to cover the one we now make.

Judgment reversed; new trial granted; costs to abide the event. All concur, except MERWIN and PUTNAM, JJ., dissenting.