METROPOLITAN ST. RY. CO. v. JACOBI.

(Circuit Court of Appeals, Second Circuit. December 6, 1901.)

No. 29.

1. APPEAL—REVIEW—RULING ON MOTION FOR NEW TRIAL.
    The question whether a verdict was excessive is one of fact, which cannot be reviewed on a writ of error.

2. COMPETENCY OF WITNESS—INFORMATION ACQUIRED BY PHYSICIAN—WAIVER OF PRIVILEGE.
    Under the provisions of Code Civ. Proc. N. Y. § 834, which make incompetent the testimony of a physician as to information acquired while attending a patient, and of section 836, which permits such information to be disclosed only when the provisions of section 834 "are expressly waived upon the trial * * * by the patient," as such provisions have been construed by the supreme court of the state, the fact that a plaintiff in an action for personal injuries introduces the testimony of physicians who attended him, in respect to the nature and extent of such injuries, does not operate as a waiver of the right to object to the testimony of another physician, called by defendant, who had attended him for the same injuries, but at a different time.

In Error to the Circuit Court of the United States for the Southern District of New York.

Robert C. Beatty, for defendant in error.

Before WALLACE, Circuit Judge, and TOWNSEND, District Judge

WALLACE, Circuit Judge. This is a writ of error by the de-fendant in the court below to review a judgment for the plaintiff rendered upon the verdict of a jury in an action brought to recover damages for personal injuries received by the negligence of the de-fendant.

The assignment of error which challenges the denial of the mo-tion for a new trial made by the defendant upon the ground of the excessiveness of damages is not available, because it is not within the province of this court to review the decision of such a motion. Railroad Co. v. Winter's Adm'r, 143 U. S. 60, 12 Sup. Ct. 356, 36 L. Ed. 71.

The only other assignment of error which has been argued chal-lenges the ruling of the trial judge in excluding the testimony of Dr. Hepburn, a witness produced by the defendant upon the trial,— a physician who was employed professionally by the plaintiff short-ly after the accident. The defendant sought to elicit from Dr. Hep-burn information received by him while attending the plaintiff in a professional capacity in respect to the plaintiff's injuries. The court excluded the testimony.

It is conceded by the defendant that the testimony would have been incompetent, as contravening section 834 of the New York Code of Civil Procedure, if the plaintiff had not waived upon the trial the right to object to it; and the question is whether that right was waived by the plaintiff. Section 836 of the Code, in effect, pro-vides that the information acquired by a physician while attending a patient may be disclosed only when the provisions of section 834 "are expressly waived upon the trial * * * by the patient." The waiver which is relied upon by the defendant consists in the fact that the plaintiff had examined upon the trial as witnesses in his behalf three physicians who had attended him professionally, and who had given testimony in respect to the nature and extent of the injuries which were the subject of the action. If their testi-mony, or the testimony of any of them, had been in respect to in-formation obtained at the same consultation or occasion at which Dr. Hepburn was present, the plaintiff would have waived the priv-ilege to insist that the latter should remain silent, according to the construction given to the Code provisions by the highest court of the state. Morris v. Railway Co., 148 N. Y. 88, 42 N. E. 410, 51 Am. St. Rep. 675. In that case it was held that, when a plain-tiff called and examined upon the trial one of two physicians in respect to his condition as it appeared upon an examination or consultation when both were present, he waived the privilege con-ferred by section 834 of the Code of Civil Procedure, and lost his right to object to the testimony of the other physician in respect to the same fact when called by the defendant. The court said:

"The proposition that a patient who has obtained or employed two or more professional men, under such circumstances that none of them are permitted to disclose the information thus obtained, except with his consent, can call

one of them as a witness to disclose what took place when all were present, and at the same time enjoin silence on all the rest, appears to be so unfair and unreasonable that it challenges investigation before accepting it as a rule of law. * * * The whole question turns upon the legal consequence of the plaintiff's act in calling one of the two physicians as a witness. She then completely uncovered and made public what before was private and confidential. It amounted to a consent on her part that all who were present at the interview might speak freely as to what took place. The seal of confidence was removed entirely,—not merely broken into two parts, and one part removed and the other retained."

In its opinion the court criticised disapprovingly two adjudications of the lower courts, in one of which it was held that the plaintiff, by testifying to what had taken place between himself and his physician, had waived his right to object to the examination of the latter when called as a witness for the defendant, and in the other of which it was held that the plaintiff, by disclosing as a witness his physical condition in consequence of the defendant's acts, waived the right to object to his physician's testimony when called by the defendant. On the other hand, the court approved of another adjudication in which it was held that the plaintiff, by calling as a witness in her own behalf one physician, did not thereby waive her objection to the examination of other physicians called by the defendant who had attended her at other times. Hope v. Railroad Co., 110 N. Y. 643, 17 N. E. 873. The present case falls distinctly within the facts of the Hope Case, and we are not at liberty to depart from the construction placed upon the statute by the state court of last resort.

We conclude that the evidence was properly excluded, and that the judgment should be affirmed.