Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Montignani, Mallory & Elmendorf, for appellants.

Robert W. Hardie, for respondent.

---

### DUNCKLE v. McALLISTER.

(Supreme Court, Appellate Division, Third Department. March 5, 1902.)

WITNESSES—ACTION FOR INJURIES—PRIVILEGED COMMUNICATIONS—PHYSICIANS AND SURGEONS—WAIVER OF PRIVILEGE—TESTIMONY OF PATIENT.

Code Civ. Proc. § 834, provides that a physician shall not disclose any information which he acquired in attending a patient in a professional capacity. In an action for injuries plaintiff testified that his injury was a gunshot wound, and defendant offered to prove by plaintiff's physicians that, in their opinion, from an examination of the wound, it was from a blow. *Held*, that the fact that plaintiff testified as to the nature of his wound did not constitute a waiver of the statute, so as to make the testimony of his physicians admissible.

Appeal from trial term.

Action by David D. Dunckle against Charles A. McAllister. Judgment in favor of plaintiff, and defendant appeals. Affirmed.

The action is in the nature of assault and battery. The plaintiff claimed that defendant shot him with a rifle. The plaintiff received a serious injury, but defendant claimed it was the result of a blow with the rifle, and not from shooting. The verdict was for $1,800.

Argued before PARKER, P. J., and KELLOGG, CHASE, and FURSMAN, JJ.

Charles A. Stone, for appellant.

Henry M. Eldridge, for respondent.

KELLOGG, J. The case, so far as determining the amount of damages suffered, and whether or not the injury was inflicted by the defendant in self-defense, is peculiarly one for a jury. There is not in the record anything upon which the court on this appeal can predicate passion or prejudice on the part of the jury. It may be true that the

verdict is unusually large for a case of this character, but the circumstances as narrated by the plaintiff's witnesses are unusual, and the injury considerable. The case cannot, therefore, be properly reversed on the ground that the verdict is excessive, or on the ground that it is against the weight of evidence.

The appellant raises a single question of law on the exclusion of the evidence of the plaintiff's physicians who were produced by defendant to prove that in their opinion, formed from an examination of the wound while attending plaintiff as a patient, was not a gunshot wound, but the result of a blow. I think this was material testimony and bore directly upon the question of punitive damages within the discretion of a jury. This evidence, being objected to by plaintiff, was excluded under section 834 of the Code of Civil Procedure. In this I do not think the court erred. No court, I believe, has yet gone so far as to hold that it is a waiver of this right to enjoin secrecy in an attending physician, when all that can be said is that the patient himself became a witness and told the character of the injury he was suffering from. That appears to be all the plaintiff did in this case. The nearest reported case to this in its facts is Treanor v. Railway Co. (Com. Pl.) 16 N. Y. Supp. 536, but the case was condemned by the court of appeals in Morris v. Railway Co., 148 N. Y. 93, 42 N. E. 410, 51 Am. St. Rep. 675. All the plaintiff says on his direct examination in this case having reference to any physician is, "Dr. Vedder came and put plaster on," and it was not sought by defendant to deny this statement by the testimony of the physicians.

This judgment should be affirmed, with costs. All concur.