mony, are the result of the long continued pain, and not the immediate result of the blow upon the abdomen.

The judgment and order should therefore be reversed, and a new trial granted.

HIRSCHBERG, P. J., concurs.

---

### CLIFFORD v. DENVER & R. G. R. CO.

(Supreme Court, Appellate Division, First Department.   March 9, 1906.)

WITNESSES—COMPETENCY—PRIVILEGED COMMUNICATIONS—PHYSICIAN AND PATIENT.

> Code Civ. Proc. § 834, provides that a physician shall not be allowed to disclose information acquired in attending a patient and by section 836 section 834 applies to any examination of a person as a witness unless the provision is expressly waived by the patient in open court on the trial. Section 911 provides that a deposition has the same effect as the oral testimony of a witness, and that an objection to the competency of the witness may be made as if the witness were personally examined. *Held*, that where plaintiff in an action for injuries caused a commission to issue to take the testimony of her physician, and plaintiff did not use the deposition on the trial, it was error to permit defendant, over plaintiff's objection, to read from the deposition answers of the physician showing the result of his examination of plaintiff.
>
> Laughlin and McLaughlin, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Adelaide Clifford against the Denver & Rio Grande Railroad Company.   From a judgment in favor of plaintiff, defendant appeals.   Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Rush Taggart, for appellant.
David May, for respondent.

INGRAHAM, J.   The plaintiff, a passenger upon the defendant's road, was injured on leaving the train at Alamosa, Colo.; she subsequently went to a hospital at Grand Junction, Colo., where she remained four or five days, and, while there, was attended by a physician in his professional capacity.   After the action was at issue a commission was issued on behalf of the plaintiff to take the testimony of this physician. His testimony was taken under this commission and the deposition was returned to the clerk of the county of New York.   Upon the trial of the action the plaintiff did not read this deposition but after the plaintiff rested it was read by the defendant.   The physician testified that he had resided at Grand Junction, Colo.; that his occupation was physician and surgeon, attached to St. Mary's Hospital, in the city of Grand Junction; that he saw the plaintiff on the 28th of September, 1902, at the hospital; that he attended the plaintiff for four or five days.   He was then asked:

"If, in answer to the last interrogatory, you answer, yea, please state whether, at the time you so attended the plaintiff, you made any examination of the plaintiff. If yea, please state when, and what such examination disclosed."

The plaintiff objected to this question, which objection was sustained, and the defendant read other questions, which involved the result of the witness' examination of the plaintiff. This testimony was all objected to, the objections were sustained, and the defendant excepted. The jury found a verdict for the plaintiff, and from the judgment entered thereon the defendant appeals.

The substantial question upon this appeal is based upon the exclusion of this evidence; defendant claiming that the plaintiff waived her privilege under sections 834 and 836 of the Code of Civil Procedure by causing the witness' deposition to be taken under a commission. Section 834 of the Code provides that:

"A person duly authorized to practice physic or surgery, or a professional or registered nurse, shall not be allowed to disclose any information which he acquired in attending a patient, in a professional capacity."

Section 836 provides that:

"The last three sections apply to any examination of a person as a witness unless the provisions thereof are expressly waived upon the trial or examination by the person confessing, the patient or the client. The waivers herein provided must be made in open court, on the trial of the action, or proceeding, and a paper executed by a party prior to the trial, providing for such waiver shall be insufficient as such a waiver. But the attorneys for the respective parties, may, prior to the trial, stipulate for such waiver, and the same shall be sufficient therefor."

The question as to the competency of this evidence is whether the plaintiff, by procuring this testimony to be taken, waived the prohibition contained in section 834 of the Code. The provisions of section 834 of the Code of Civil Procedure prevents a physician from disclosing any information which he acquired in attending a patient in his professional capacity; and before the amendments of section 836 of the Code of 1899 and 1904 took effect, it had been held that after information of a privileged character had once been divulged in legal proceedings, its further publication could not be suppressed (McKinney v. Grand St. R. R. Co., 104 N. Y. 352, 10 N. E. 544), and that where a party, who had been attended by two physicians in their professional capacity at the same examination, both holding professional relations to him, calls one of them as a witness in his own behalf, in an action in which the party's condition as it appeared at such consultation is the important question, to prove what took place or what the witness then learned, he thereby waives the privilege conferred by the statute, and loses his right to object to the testimony of the other physician, if called by the opposite party (Morris v. N. Y., O. & W. R. R. Co., 148 N. Y. 88, 42 N. E. 410, 51 Am. St. Rep. 675. Subsequently the Legislature to regulate the waiver of this protection to a patient consulting a physician given by section 834 of the Code, amended by section 836 of the Code in 1899 by adding the provision:

"The waiver herein provided for must be made in open court on the trial of the action, or proceeding, * * * but the attorneys for the respective parties may, prior to the trial, stipulate for such waiver and the same shall be sufficient therefor."

By .this amendment two methods were provided by which this. prohibition could be waived. The first was a waiver in open court at the trial. The second, by a written stipulation signed by the attorneys for the respective parties to the action or proceeding. There was no written stipulation by the attorneys for the parties in this action, and to entitle the defendant to the testimony of a physician who had attended the. plaintiff in his professional capacity, as to any information which he acquired in such attendance, there must be a waiver in open court upon the trial of the action. The record discloses no such waiver. It does appear that the plaintiff, prior to the trial, obtained a commission to examine the physician that attended her at the hospital at Grand Junction, Colo., and, in pursuance of that commission, the physician was examined. It certainly cannot be said that this proceeding to take the testimony of a witness by commission before the trial was a proceeding in open court on the trial of the action. After the testimony of this physician was taken under a commission, and the deposition returned to the court, the plaintiff was not bound to read the testimony of .the witness, and until she did read the deposition. upon the trial, it was not testimony in the action. The competency of testimony taken under a commission is to be determined by the court when it is read upon the trial. Section 911 of the Code provides that:

"A deposition taken and returned as prescribed in this article, * * * has the same effect, and no other, as the oral testimony of the witness would have ; and an objection to the competency or credibility of the witness, or to the relevancy, or substantial competency, of a question put to him, or of an answer given by him, may be made, as if the witness was then personally examined, and without being noted upon the deposition."

The question, therefore as to the competency of the witness to testify as to any information acquired by him in attending the plaintiff was to be determined upon the trial when either party offered to read the deposition as evidence. The plaintiff not having read the deposition, when the defendant offered to read it, he made the physician his witness, and the competency of the witness to testify was to be determined by the trial judge. Nothing that the plaintiff had done before and nothing that had happened in the course of the action could be a waiver of the right to prevent a disclosure to the jury of the facts acquired by this physician in attending the plaintiff, except a waiver in open court or a written stipulation signed by the attorneys. There was no such written stipulation, and the plaintiff, instead of waiving the objection upon the trial, insisted upon it. The prohibition being absolute, unless waived, and the only method by which it could be waived, namely, a waiver in open court upon the trial, or a written stipulation signed by the attorneys not appearing, we think the court was right in determining that the evidence was not competent.

The other objection taken by the defendant to the judgment is also untenable. I think there was evidence for the jury as to the condition of the plaintiff, and as to whether that physical condition was produced by the injury, and that this question does not require further discussion.

The judgment and order appealed from should be affirmed, with costs.

O'BRIEN, P. J., and CLARKE, J., concur.

McLAUGHLIN, J. (dissenting). The plaintiff on the 22d of September, 1902, was a passenger in one of the defendant's cars, and, in going from it to the depot, where the car had stopped for the purpose of permitting her to get off, she tripped and fell, sustaining injuries, which she alleges were due to the negligence of the defendant, and, to recover damages therefor, she brought this action.

Subsequent to the accident she was taken to a hospital, where she was attended by a physician, one Dr. Hanson. After issue had been joined in the action, upon her motion, a commission was issued to, and the testimony of Dr. Hanson was taken upon written interrogatories. At the trial, however, the commission having been returned, the plaintiff did not read the deposition, or any part of it, and after she had rested and the defendant had entered upon its proof, it sought to read the answers of the doctor to the direct and cross interrogatories; but the same were excluded upon the objection of plaintiff's counsel. The objection to the reading of such answers by the defendant was substantially upon the ground that they would disclose information acquired by the doctor while attending the plaintiff as a physician, and which was necessary to enable him to act in that capacity, and that the plaintiff had not waived her privilege of having such information kept secret under sections 834 and 836 of the Code of Civil Procedure. The defendant duly excepted to the ruling of the court excluding these answers. The answers sought to be read would undoubtedly have disclosed information acquired by the physician while attending the plaintiff in a professional capacity, and which was necessary to enable him to act as such, and the ruling was right in excluding them (Code of Civ. Proc. § 834), unless the plaintiff had waived her privilege of having such information kept secret (section 836, Code Civ. Proc.). The section last cited provides that the waiver therein provided for must be "made in open court on the trial of the action or proceeding." The appellant contends there had been such waiver.

I am of the opinion that this contention is well founded. The application for the issuance of the commission was made in open court. It was for the purpose of procuring testimony to be read upon the trial. The application and the taking of the deposition, within the meaning of section 836 of the Code of Civil Procedure were part of the trial itself. If I am right in this, then there had been a waiver in open court upon the trial of the action. The plaintiff, in asking for the issuance of the commission, consented that the information acquired by the physician while attending her in his professional capacity might be made public, and her consent having been acted upon by the defendant, she was thereafter estopped from claiming the privilege, which the statute gave her to have such information kept secret. It was upon her application that the deposition had been taken and when she made the application she undoubtedly supposed that his deposition would be in her favor. That, however, was a chance which she took and when

such deposition had been taken, because it was not in her favor, she could not preclude the defendant (it having been put to the trouble and expense of obtaining it) from reading the same or so much of it as it desired, provided the part sought to be read was not subject to the objections provided for in section 911 of the Code of Civil Procedure.

In McKinney v. Grand St. R. R. Co., 104 N. Y. 352, 10 N. E. 544, it was said that after information of a privileged character has once been divulged in legal proceedings, its further publication cannot be suppressed. There, defendant called as a witness a physician, and proposed to prove by him the extent of injuries sustained by the plaintiff in a collision upon defendant's railroad. Upon a previous trial of the same action the same witnesses had been called by the plaintiff and required to testify fully as to all the facts bearing upon her physical condition as affected by the accident. Upon the second trial, however, plaintiff objected to the proposed evidence on the ground that the information acquired by the physician while attending plaintiff in a professional capacity was privileged and could not, therefore, be admitted against her without her consent. The evidence was excluded and the court, on appeal, reversed the judgment and in doing so, said:

"The patient cannot use this privilege both as a sword and a shield to waive when it inures to her advantage and wield when it does not. After its publication, no further injury can be inflicted upon the rights and interests which the statute was intended to protect and there is no further reason for its enforcement. The nature of the information is of such a character that when it is once divulged in legal proceedings it cannot be again hidden or concealed. It is then open to the consideration of the entire public and the privilege of forbidding its repetition is not conferred by the statute. The consent having been once given and acted upon, cannot be recalled, and the patient can never be restored to the condition, which the statute, from motives of public policy, has sought to protect."

This case was cited with approval and followed in Morris v. N. Y., O. & W. R. R. Co., 148 N. Y. 88, 42 N. E. 410, 51 Ann. St. Rep. 675, where the court held when a party who had been attended by two physicians in their professional capacity at the same examination or consultation, both holding professional relations to him, calls one of them as a witness in his own behalf, in an action in which the party's condition as it appeared at such consultation is the important question, to prove what took place or what the witness then learned, he thereby waives the privilege conferred by the statute, and loses his right to object to the testimony of the other physician, if called by the opposite party to testify as to the same transaction.

It is true the McKinney Case was decided prior to the enactment of chapter 381, p. 736, of the Laws of 1891, which amended section 836 of the Code of Civil Procedure, by providing that the waiver of the privilege must be "made upon the trial or examination;" and the Morris Case, prior to the enactment of chapter 53, p. 69, of the Laws of 1899, which further amended this section by providing that such waiver must be made "in open court on the trial of the action or proceeding," but the reasoning in both of them is just as applicable to the section since as it was before the amendments were made, when their purpose is considered and understood. The purpose of these amendments was to protect

parties, their representatives, and successors from waivers, which might have been obtained through inadvertence or by a species of fraud and sharp practice. Holden v. Metropolitan Life Ins. Co., 165 N. Y. 13, 58 N. E. 771. Both of the amendments were considered in Schlotterer v. Brooklyn & New York Ferry Co., 89 App. Div. 508, 85 N. Y. Supp. 847. There, action was brought to recover damages for personal injuries, and on the trial a physician who had treated the plaintiff was called by the defendant without objection on the part of the plaintiff, whose counsel cross-examined him. The trial resulted in a nonsuit, and the plaintiff then brought a new action against the defendant to recover for the same cause of action, and it was held that plaintiff was precluded from objecting that the physician was incompetent to testify. Mr. Justice Jenks, in delivering the opinion, said:

"The letter of the statute does not require a construction which is opposed to the reason of the rule as laid down in McKinney's Case, supra. The purpose of the statute is to cover the relation of physician and patient with the cloak of confidence. But the purpose is to save the patient from possible humiliation or distress, not to enable him to win a lawsuit. Now, if the patient once permit the physician to testify there is no longer any reason at any time for excluding competent testimony under the plea of public policy. If the patient once voluntarily renounce the protection of the statute his waiver is everlasting and irrevocable."

Under the foregoing authorities, as well as upon reason, it must be held that the plaintiff, by procuring the issuance of the commission and the taking of the deposition of the physician, waived the privilege which the statute gave her; that such waiver was made in open court, upon the trial of the action, within the meaning of section 836 of the Code of Civil Procedure.

Another question is raised by the appellant, which is that the evidence is insufficient to sustain a finding that the serious injuries of which the plaintiff complains, diaphragmatic pleurisy and prolapsed ovary, were caused by the accident. · This would require consideration, but inasmuch as there must be a new trial and there may be more evidence bearing upon this subject, I do not deem it necessary at this time to pass upon it.

The judgment and order appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide event.

LAUGHLIN, J., concurs.